IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELYN J. SMITH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1211-M-BD |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal National Mortgage Association ("FNMA") have filed a motion for summary judgment in this civil action brought by plaintiff arising out of the foreclosure of her home in DeSoto, Texas. As best the court understands her current pleading,[1] plaintiff appears to complain that Wells Fargo did not own her mortgage Note or Deed of Trust, and thus lacked authority to initiate foreclosure proceedings and sell her property to FNMA. Plaintiff further alleges that defendants improperly separated the Note from the Deed of Trust when her mortgage loan was "securitized," thereby releasing the lien against her property. (*See* Plf. Orig. Pet. at 3-4). In this lawsuit, plaintiff sues for trespass to try title and to quiet title, to set aside the foreclosure sale, and for declaratory relief. Defendants now move for summary judgment as to all claims and causes of action. The motion has been briefed by the parties and is ripe for determination.

---

[1] Plaintiff's operative pleading is her original petition filed in Texas state court. Defendants timely removed the case to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1441(a) & 1332(a)(1).

-1-

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993).

The gravamen of plaintiff's complaint is that defendants lacked authority to enforce the mortgage Note, initiate foreclosure proceedings, and sell her property to FNMA. (*See* Plf. Orig. Pet. at 3-4, 5). More specifically, plaintiff contends that defendants cannot prove that they are the legal owners and holders of the Note and Deed of Trust securing her mortgage loan, which precludes them from enforcing the Note and foreclosing on her property. (*See* Plf. MSJ Resp. at 2-6). Plaintiff further argues that there is no evidence that defendants were ever the bearer of the Note executed by plaintiff, or that the rights under the Deed of Trust were transferred or assigned to defendants. (*Id.* at 3-6). Here, the summary judgment evidence shows that plaintiff executed a Note payable to Fairway Independent Mortgage Corp. d/b/a Dallas Lending ("Fairway") in the original principal amount of $140,000 on or about August 22, 2006. (*See* Def. MSJ App., Exh. A at 2, ¶ 4 & Exh. A-1). That same day, plaintiff executed a Deed of Trust in favor of Fairway covering her interest in

the property located at 1128 Oxford Drive, DeSoto, Texas. (*Id.*, Exh. A at 2-3, ¶ 4 & Exh. A-2). On or about October 4, 2006, the Note and Deed of Trust were assigned to FNMA. (*Id.*, Exh. A at 3, ¶ 6). Wells Fargo was assigned the servicing rights on or about February 1, 2007. (*Id.*). Later that month, Wells Fargo notified plaintiff by letter that certain real estate taxes on her property had not been paid. (*Id.*, Exh. A-4). Wells Fargo paid the past due taxes and established an escrow account, as permitted by the loan documents. (*Id.*, Exh. A at 3, ¶ 8). Beginning in mid-2010, plaintiff failed to make the required monthly payments due on the Note. (*Id.*, Exh. A at 3, ¶ 9). In October 2010, Wells Fargo sent plaintiff a notice of default and intent to accelerate the Note. (*Id.*, Exh. A at 4, ¶ 10 & Exh. A-5). When plaintiff failed to cure the default, Wells Fargo accelerated the Note and initiated foreclosure proceedings. (*Id.*, Exh. A at 4, ¶ 11 & Exhs. A-6 & A-7). The property was sold at foreclosure to FNMA on February 1, 2011. (*Id.*, Exh. A at 4, ¶ 13 & Exh. A-8).

Contrary to plaintiff's assertion, this evidence establishes that defendants were entitled to enforce the Note. The affidavit of Mary Ellen Brust, Vice President of Loan Documentation for Wells Fargo, plainly states that the Note and Deed of Trust were assigned to FNMA on October 4, 2006, and that FNMA is the owner and holder of the Note. (*Id.*, Exh. A at 3, ¶ 6). The Note executed by plaintiff, a copy of which is attached to the Brust Affidavit, reveals that it was indorsed by Fairway, the original lender, to Ohio Savings Bank, and then by Ohio Savings Bank in blank. (*Id.*, Exh. A-1 at 007). Under Texas law, physical possession of a note that bears a blank indorsement establishes ownership and the right to collect. *See* TEX. BUS. & COM. CODE § 3.205(b) (Vernon 2002) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.") & *id.* § 1.201(b)(21) (defining "holder" as "the person in possession of a negotiable instrument that is payable either to bearer or

to an identified person that is the person in possession."). As the holder of a Note indorsed in blank, FNMA was entitled to enforce the Note. *See Dempsey v. U.S. Bank Nat.*, No. 4-10-CV-679, 2012 WL 2036434 at *4 (E.D. Tex. Jun. 6, 2012); *Lusk v. Wells Fargo Bank, Nat. Ass'n*, No. 4-11-CV-381, 2012 WL 1836342 at *3 (E.D. Tex. May 21, 2012); *Kiggundu v. Mortg. Elec. Registration Sys., Inc.*, No. 4-11-CV-1068, 2011 WL 2606359 at *4 (S.D. Tex. Jun. 30, 2011), *aff'd*, 469 Fed.Appx. 330 (5th Cir. Mar. 27, 2012), *pet. for cert. filed*, 80 USLW 3693 (Jun. 5, 2012) (No. 11-1501).

Wells Fargo was also entitled to sell the property at foreclosure. Texas law allows a mortgage servicer, such as Wells Fargo, to administer foreclosure proceedings on behalf of a mortgagee, like FNMA, if certain conditions are met. *See* TEX. PROP. CODE ANN. § 51.0025 (Vernon 2007). None of those conditions require the mortgage servicer to be the holder or owner of the Note and Deed of Trust, or to produce the original loan documents. *See Voth v. Fed. Nat. Mortg. Ass'n*, No. 3-10-CV-2116-G-BD, 2011 WL 1897759 at *2 (N.D. Tex. Apr. 22, 2011), *rec. adopted*, 2011 WL 1897271 (N.D. Tex. May 18, 2011); *Broyles v. Chase Home Fin.*, No. 3-10-CV-2256-G, 2011 WL 1428904 at *3 (N.D. Tex. Apr.13, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010). Nor is there any merit to plaintiff's claim that defendants improperly separated the Note from the Deed of Trust when her mortgage loan was "securitized." *See Swim v. Bank of America, N.A.*, No. 3-11-CV-1240-M, 2012 WL 170758 at *3 n. 25 (N.D. Tex. Jan. 20, 2012) (citing cases rejecting "split the note" theory).

Because all of plaintiff's claims are based on the erroneous legal assumption that Wells Fargo and FNMA lacked authority to enforce the Note and foreclose on her property, defendants are entitled to judgment as a matter of law. *See, e.g. Cruz v. OneWest Bank, FSB*, No. 3-11-CV-1985-M,

entitled to judgment as a matter of law. *See, e.g. Cruz v. OneWest Bank, FSB*, No. 3-11-CV-1985-M, 2012 WL 1684622 at *2 (N.D. Tex. May 15, 2012) (FNMA and mortgage servicer entitled to summary judgment on plaintiff's claims for trespass to try title, to quiet title, and to set aside foreclosure sale where claims were based on flawed theory that servicer lacked authority to foreclose and FNMA could not lawfully acquire property because the Note and Deed of Trust were not properly indorsed, transferred, and assigned); *Cole v. Federal Home Loan Mortg. Corp.*, No. 3-11-CV-1833-M-BK, 2012 WL 555194 at *3 (N.D. Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012) (dismissing claims for trespass to try title and to quiet title where sole basis for claims was that mortgage servicer was not the holder of the Note and, therefore, lacked authority to foreclosure on property).

### RECOMMENDATION

Defendants' motion for summary judgment [Doc. #11] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED:   August 27, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE